JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s order, filed February 10, 2009, 2009 WL 331352, be affirmed. The district court properly dismissed the complaint based on the prosecutors’ immunity. See Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (holding that prosecutors enjoy absolute immunity from civil damages in initiating a prosecution and presenting a criminal case). As to the other defendants, they cannot be held liable for any alleged constitutional violations of their employees under a theory of respondeat superior. See Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). To the extent appellant challenges the fact or duration of his confinement, he must first “px'ove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declax-ed invalid by a state tribunal authorized to make such determination, or called into question by a federal court’s issuance of a wxit of habeas corpus.” Heck v. Humphrey, 512 U.S. 477, 478-79, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The district court also properly denied appellant’s post-judgment motion for reconsideration, construing it as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) to avoid the 10-day time limitation on motions made pursuant to Fed.R.Civ.P. 59(e).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clex'k is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petitioix for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.